UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**17 CV 7122**

------------------------------------------- X

SANTOSCMI S.A.,

      Plaintiff,

      -against-

HYUNDAI ENGINEERING &
CONSTRUCTION CO., LTD.,

      Defendant.

------------------------------------------- X

_____ Civ. _____ (   )

**COMPLAINT**

RECEIVED
SEP 19 2017
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, SANTOSCMI S.A., for its complaint against defendant, HYUNDAI ENGINEERING & CONSTRUCTION CO., LTD., states as follows:

### Nature of the Action

1. Plaintiff SantosCMI S.A. (hereinafter the "Plaintiff") seeks a declaratory judgment that it is not obligated to arbitrate with defendant Hyundai Engineering & Construction Co., Ltd. (hereinafter "HDEC" or "Defendant"). Plaintiff also seeks injunctive relief barring Defendant from continuing its arbitration against Plaintiff.

2. Defendant filed a Request for Arbitration on or about August 5, 2016 with the International Chamber of Commerce in New York, New York, Case No. 22182/ASM (hereinafter the "Arbitration") against three respondents, namely, Santos CMI Construcciones Uruguay S.A. (hereinafter "SCMI UY"), Posco Engineering and Construction Co., Ltd., and Plaintiff, improperly alleging that Plaintiff is subject to an arbitration agreement contained in a contract to which Plaintiff is not a signatory or party.

3. The contract at issue was entered into between HDEC, a company organized and existing under the laws of the Republic of Korea, and SCMI UY, a company organized and existing under the laws of Uruguay. While affiliated with Plaintiff, SCMI UY is not a subsidiary of Plaintiff and has no direct relationship with Plaintiff. SCMI UY is a separate and independent company.

4. The contract and arbitration agreement, related to the claims asserted by HDEC, exist only between HDEC and SCMI UY.

5. Accordingly, Plaintiff seeks a declaratory judgment to the effect that Plaintiff is not required to arbitrate with HDEC in the Arbitration and seeks to enjoin HDEC from proceeding with the Arbitration against Plaintiff.

## The Parties

6. Plaintiff is a corporation organized and existing under the laws of Ecuador, with a registered office at Av. Amazonas, N30-341, y Avenida Eloy Alfaro Ed. Finandes, 6th Floor, Quito, Ecuador.

7. Defendant, Hyundai Engineering & Construction Co., Ltd. is a company organized and existing under the laws of the Republic of Korea, having its principal place of business at 03058 Hyundai Building, 75 Yolgok-ro, Jongno-gu, South Korea.

## Jurisdiction and Venue

8. The Court has subject matter jurisdiction pursuant to 9 U.S.C. §§ 202-203 of the Federal Arbitration Act (hereinafter the "FAA"). Sections 202 and 203 of the FAA grant subject matter jurisdiction to this Court to determine whether there is any agreement to arbitrate Defendant's claims against Plaintiff.

9. Venue is proper under 28 U.S.C. § 1391 since the arbitration sought to be enjoined was commenced in, and is pending in, the State of New York.

## The Background Facts

10. In October 2012, the Uruguayan Public Electrical Utility Administracion Nacional de Usinas y Transmisiones Electricas awarded HDEC a contract for the engineering and construction of a Combined Cycle Power Plant in Punta del Tigre, San José, Uruguay. (hereinafter the "Project"). HDEC entered into a subcontract with SCMI UY ("Subcontract") for the construction of buildings for the Project on or about December 6, 2013.

11. In June 2015, HDEC allegedly became unhappy with the work of SCMI UY, and terminated the Subcontract with SCMI UY. HDEC thereafter filed a Request for Arbitration with the ICC on or about August 5, 2016 in New York, New York. Although SCMI UY was named as a respondent, Plaintiff was also named as a respondent, even though it did not sign the Subcontract and had no involvement in the performance of any obligations under the Contract. In order to protect its rights and to avoid being in default, Plaintiff filed an Answer to Request for Arbitration on or about October 25, 2016, stating, among other things, that it is not a party to the Subcontract and is not compelled to arbitrate the dispute.

12. Defendant's Arbitration against Plaintiff, and the other respondents, is predicated on arbitration clause contained in Section 4, Article 16, of the Subcontract, entitled "Settlement of Disputes," and states as follows:

> If any dispute or difference of any kind shall arise between the Contractor and the Subcontractor in connection with the Subcontract or carrying out the Subcontract Works the Parties shall endeavor through productive discussions to reach an amicable understanding about the matters in disagreement to achieve a final settlement agreeable to both Parties, before referring such disagreement to the Arbitration process.

In the event that Parties cannot achieve mutual agreement, the Contractor shall state its decision in writing that it considers fair and reasonable and shall give notice of the same to the Subcontractor. Such Contractor decision shall be binding upon the Contractor and the Subcontractor until Completion of the Subcontract Works and shall forthwith be given effect to by the Subcontractor, who shall continue with the Subcontract Works with all due diligence and expedition, pending the outcome of any arbitration proceedings as outlined below.

Without prejudice in any way to the foregoing, if, within fifteen (15) calendar days after the date of the above decision in writing by Contractor the Subcontractor does not accept such Contractor decision, then Subcontractor may notify Contractor that the matter shall be referred to a single arbitrator to be agreed upon [sic] the Parties, or failing such agreement to three (3) Arbitrators, one (1) of whom to be appointed by each Party. The two (2) Arbitrators so selected shall appoint a third arbitrator. The dispute or disagreement shall be determined by a majority of the three (3) Arbitrators and the decision of such majority shall be binding and conclusive upon the Parties hereto, provided that if either Party shall fail to select an arbitrator within twenty (20) calendar days after the date of the notice requesting Arbitration, the Arbitrator selected by the other Party shall determine the question, and his decision shall be binding on the Parties (There shall be no appeal from any Arbitration determination to the Courts).

The Arbitration shall be conducted in the English language, shall be held in New York, USA in accordance with the rules of the Arbitration of the International Chamber of Commerce.

Neither the existence of any controversy or claim nor the fact any arbitration is pending hereunder shall relieve either Party of his obligations under the Subcontract.

Subcontractor shall not be entitled to suspend performance of any of the Works or any of its obligations under the Agreement pending resolution of a dispute.

13. As used in the above Section, the terms "Contractor", "Subcontractor", and "Parties" are clearly defined in the Subcontract.

14. Under Section 2, Article I, Subsection 1.1 of the Contract entitled "Definitions", the term "Contractor" is defined to mean Hyundai Engineering & Construction Co., Ltd. and the term "Subcontractor" is defined to mean SCMI UY. Likewise, the term "Parties" is meant to

include only the Contractor and the Subcontractor, since they are the only parties to the Subcontract and are the only parties subject to arbitration under the Subcontract.

## The ICC Arbitration

15. On or about August 5, 2016, HDEC commenced the Arbitration in New York, New York, Case No. 22182/ASM, by filing a Request for Arbitration with the ICC against three respondents, namely, Plaintiff, SCMI UY, and Posco Engineering and Construction Co., Ltd., seeking damages against all of them for liquidated damages, and other damages and losses allegedly incurred by it in connection with the Project.

16. To protect its rights, Plaintiff filed an Answer to Request for Arbitration on or about October 25, 2016, asserting that it is not bound to arbitrate under the Subcontract, since it is not a party to the Contract and has no obligations under the Subcontract.

17. On or about February 13, 2017, respondent Posco Engineering and Construction Co. Ltd. (hereinafter "Posco") filed a Submission on Bifurcation, seeking to have the issue of arbitrability decided by the ICC before the parties adjudicated the underlying merits of the arbitration, to determine if Posco, an additional non-signatory, was bound by the Subcontract and arbitration clause. Plaintiff and SCMI UY submitted a separate submission to the ICC and joined in Posco's request to bifurcate.

18. The ICC, however, did not bifurcate these proceedings, and determined that all issues in this matter should be decided together.  Therefore, without injunctive relief from this Court, Plaintiff will be required spend a substantial amount of time and money arbitrating the entire dispute before the issue of arbitrability is even decided.

### As and for a First Cause of Action

### Declaration that Plaintiff is not required to Arbitrate and Injunctive Relief Barring HDEC from Continuing the Arbitration against Plaintiff

19. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 18 of this Complaint with the same force and effect as if fully set forth at length herein.

20. Plaintiff is not a signatory to any agreement to arbitrate Defendant's claims against Plaintiff.

21. Plaintiff is not bound by an agreement to arbitrate with HDEC, nor is it bound to arbitrate with HDEC by any act or provision of law.

22. Plaintiff is entitled to a declaration that it is not bound to arbitrate with HDEC.

23. Plaintiff will be irreparably harmed if HDEC is permitted to continue pursuing the Arbitration against it. Because Plaintiff has no adequate remedy at law, it is entitled to injunctive relief barring HDEC from continuing to prosecute the Arbitration against it.

**WHEREFORE**, Plaintiff prays for judgment:

A. Declaring that Plaintiff has no agreement to arbitrate with HDEC and is not bound to arbitrate with HDEC;

B. Granting preliminary and permanent injunctive relief barring HDEC from continuing the Arbitration against Plaintiff;

C. Awarding Plaintiff its costs, disbursements, and attorneys' fees in this action; and

D. Granting Plaintiff such other relief as is just and proper.

Dated: September 19, 2017

                                                 Michael S. Zicherman, Esq.
                                                 PECKAR & ABRAMSON, P.C.
                                                 41 Madison Avenue, 20th Floor
                                                 New York, NY 10010
                                                 Telephone: (212) 382-0909
                                                 *Attorneys for Plaintiff*